UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Marco A. Nunez, | ) | C/A No. 4:13-00244-TMC-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND |
| | ) | RECOMMENDATION |
| D.T.C., Depository Trust Corporation, 55 Water St., | ) | |
| Wates Building, New York, New York,, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The petitioner, Marco A. Nunez ("Petitioner"), proceeding *pro se*, filed this petition for a writ of habeas corpus seeking release from imprisonment under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) D.S.C., the undersigned is authorized to review such pleadings for relief and submit findings and recommendations to the district judge. For the reasons set forth below, it is recommended that the petition for writ of habeas corpus be dismissed.

STANDARD OF REVIEW

The court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; see Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). This court is required to construe *pro se* petitions liberally. Such petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the

development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. *De 'Lonta v. Angelone*, 330 F.3d 630, 630 n. 1 (4th Cir.2003). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

BACKGROUND

Petitioner is a federal prisoner, confined in a Federal Bureau of Prisons ("BOP") facility in South Carolina, who is serving a sentence of imprisonment imposed by the United States District Court for the District of Kansas. Petitioner files a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking "an order commanding the Depository Trust Corporation at the Wates Building in NY, NY, to forthwith bring the body of the Petitioner before this Honorable Court and show cause, if any there be, why Petitioner should be further detained and deprived of his liberty." ECF No. 1 at 9-10. In keeping with his request for relief, Petitioner names D.T.C. Depository Trust Corporation as the respondent in his habeas petition; however, the petition does not explain how this respondent has custody or control of Petitioner.

Attached to the petition is a BOP incident report regarding alleged fraudulent documents found in mail from Petitioner to the warden of the BOP facility. The documents resulted in the charge of interfering with a staff member in performance of duties, most like extortion. ECF No. 1-1. He also includes documents requesting an administrative remedy concerning his confinement in a special housing unit ("SHU") without cause and without proper medical care. *Id.* Petitioner subsequently filed a copy of his § 2241 petition on which he wrote a reference to a section of the

2

Uniform Commercial Code (UCC) along with his signature on the face of each page of the petition. ECF No. 13-1. Copies of various sections from a treatise and caselaw were also filed by Petitioner (ECF No. 15), as well as several administrative documents seeking remedies concerning his placement and conditions of confinement in SHU (ECF No. 18). Additional documents subsequently filed and attached to the petition include a disciplinary hearing officer report, which provides a more coherent presentation of facts surrounding Petitioner's disciplinary proceedings and segregation. ECF No. 18. The petition and attachments do not present grounds for a habeas claim pursuant to § 2241.

## DISCUSSION

The habeas petition and attached documents refer to a "securities account," a "registered promissory note," and forms filed with the IRS as grounds for habeas relief as well as the Respondent's, D.T.C. Depository Trust Corporation, "refusal to release the collateral and securities associated" with Petitioner's criminal case number and two other strings of numbers. ECF No. 1 at 8-9. Petitioner's assertions appear to be based, at least in part, on the "redemptionist" theory or the related "sovereign citizen" theory, which are frivolous legal theories that have been consistently rejected by federal courts. *See Monroe v. Beard*, 536 F.3d 198, 203 n. 4 (3d Cir. 2008). The United States Court of Appeals for the Third Circuit explained:

> "Redemptionist" theory ... propounds that a person has a split personality: a real person and a fictional person called the "strawman." The "strawman" purportedly came into being when the United States went off the gold standard in 1993, and, instead, pledged the strawman of its citizens as collateral for the country's national debt. Redemptionists claim that government has power only over the strawman and not over the live person, who remains free. Individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, inmates are encouraged to file liens against

3

> correctional officers and other prison officials in order to extort their release from prison. Adherents of this scheme also advocate that inmates copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

*Id.* (citation omitted). Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by courts, but also recognized as frivolous and a waste of court resources. *See McLaughlin v. Citimortgage, Inc.*, 726 F.Supp.2d 201 (D.Conn. 2010) (providing detailed explanation of the redemptionist theory and rejecting it); *Charlotte v. Hanson*, No. 11–1113, 2011 WL 3562887 (10th Cir. Aug. 15, 2011) (rejecting the sovereign citizen theory as having no conceivable validity in American law). A prisoner's attempt "to avoid the consequences of his criminal conviction" based on the redemptionist theory, has been recognized as "legally frivolous." *Ferguson-El v. Virginia*, 2011 WL 3652327, at *3 (E.D.Va. August 18, 2011). As have civil cases based on redemptionist and sovereign citizen theories been found to be "utterly frivolous" and "patently ludicrous" claims, using "tactics" that are "a waste of their time as well as the court's time, which is paid for by hard-earned tax dollars." *Barber v. Countrywide Home Loans, Inc.*, No. 2:09cv40, 2010 WL 398915, at *4 (W.D.N.C. Oct. 7, 2009).

Although attachments to the petition include documents regarding an investigation and inmate disciplinary action against Petitioner, which could present a claim under § 2241, the petition does not present a coherent argument requesting available habeas relief from an appropriate respondent. *See Buczek v. Constructive Statutory Trust Depository Trust*, No. 10cv382, 2011 WL 4549206, at *1 (W.D.N.Y. Sept. 29, 2011) (relief under Section 2241 is not available upon the grounds asserted). Petitioner presents his grounds for habeas relief through redemptionist ideology with no legally sound development of arguments concerning his disciplinary proceedings. In as much as Petitioner attempts to state civil rights claims for indifference to his medical needs or

4

retaliation, he cannot pursue civil rights claims in a habeas petition seeking immediate release from confinement. *Heck v. Humphrey*, 512 U.S. 477 (1994) ("Release from prison is not a remedy available under 42 U.S.C. § 1983"). Habeas corpus is the exclusive remedy to challenge the fact or duration of confinement and seek immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). The petition fails to state a claim for habeas relief, and should be dismissed.

## RECOMMENDATION

Based on the foregoing, it is recommended that the District Judge dismiss the petition *without prejudice* because it is clear from the petition and attached exhibits that Petitioner is not entitled to relief in the district court under 28 U.S.C. § 2241.

                                                           s/Thomas E. Rogers, III
                                                           Thomas E. Rogers, III
                                                           United States Magistrate Judge

August 30, 2013
Florence, South Carolina

**The petitioner's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).