IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

Marco A. Nunez,                              )
                                             )          C/A No. 4:13-244-TMC
                    Petitioner,              )
                                             )
        v.                                   )          **ORDER**
                                             )
D.T.C., Depository Trust Corporation, 55 Water St.,)
Wates Building, New York, New York,          )
                                             )
                    Respondent.              )

Petitioner, a federal prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.   (ECF No. 1).   Pursuant to 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina, all pre-trial filings in this case were referred to a magistrate judge.   This matter is now before the court on the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss the petition without prejudice because Petitioner has not shown that he is entitled to relief under § 2241.   (ECF No. 24).

The magistrate judge makes only a recommendation to this court.   That recommendation has no presumptive weight and the responsibility to make a final determination remains with this court.   *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).   The court is charged with making a *de novo* determination of those portions of the Report to which either party specifically objects and the court may accept, reject, or modify, in whole or in part, the recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

In this case, neither party has filed objections to the Report.   In the absence of objections, this court is not required to provide an explanation for adopting the recommendation.   *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).   Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial*

*Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the Report and the record in this case, the court adopts the Report (ECF No. 24) and incorporates it herein.   It is therefore **ORDERED** that the petition for writ of habeas corpus (ECF No. 1) is **DISMISSED** without prejudice.

Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right." Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
September 25, 2013

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.